ORDER
DWIGHT W. BIRDWELL, Chief Justice.
ROBIN MAYES (“Plaintiff” or “Mayes”) brings this action against the CHEROKEE NATION ELECTION COMMISSION (“Defendant” or “Commission”) seeking declaratory and injunctive relief.
Mayes filed his action on February 3, 1999, and the Commission promptly filed its Answer on February 4th, 1999.
The Petition contains serious allegations regarding the Commission acting beyond the scope of its authority, and the potential for abuse thereby. The Court takes notice that the Petition has been filed during the filing period [February 1, 1999 through February 10, 1999] for candidates for the 1999 general election for the offices of Principal Chief (“Chief”), (1) Deputy Principal Chief (“Deputy Chief’), and all fifteen members of the Council of the Cherokee Nation (“Council”)[candidates for these various elective offices of Chief, Deputy Chief and Council, shall be collectively referred to herein as “candidates”].
The Court finds that an emergency exists in the Cherokee Nation requiring prompt action. Accordingly, a hearing was held on February 4, 1999, in which all parties participated.
BACKGROUND
Mayes has alleged that he is a citizen of the Cherokee Nation and that he plans on becoming a candidate for the position of Chief in the 1999 general election. The Commission admits the following stated in Plaintiffs Petition:
• The subject matter and purpose of this action is interpretation of the statutes of the Cherokee Nation and the conduct as well as the policies of the Defendant
• The Court has the duty pursuant to Article VII of the Cherokee Nation Constitution to resolve any disagreements arising under enactments of the Council
• The Defendant is a political subdivision of the Cherokee Nation charged with the enforcement, interpretation and conduct of the elections of the Cherokee nation
• Cherokee law prohibits any person from seeking the office of Principal Chief who has been convicted of, or plead guilty to, a felony.
• It is within the authority of the Defendant to conduct a background check on candidates for the office of Principal Chief to determine if a candidate has plead guilty to, or has been convicted of, a felony and nothing more, other than meeting the constitutional requirements for office. Other than making this specific inquiry, the Defendant has no authority under the Cherokee Nation Election Code, or any other law, to inquire into the legal proceedings or other matters of which a candidate may have been involved, or any other matters at all or gather any other information about a candidate, other than the constitutional requirements for office.
This lawsuit basically arises out of two Commission forms which the Commission *14 requires candidates to sign. The first form (“Authorization Form”) is called AUTHORIZATION FOR THE RELEASE OF INFORMATION, and the operative language in it is:

TO WHOM IT MAY CONCERN:

Please advised the Cherokee Nation Election Commission has my authorization to conduct any investigation necessary, to obtain any and all information you, may have concerning me or legal mMters in which / am involved.

Photocopies of this authorization shall carry the same authority as the original, m

At the top of the other form (“Request Form”) are the words “ChoicePoint” and “Cherokee Nation Election Services REQUEST FORM”, and operative language in it is
Place an (X) below next to the options desired:
()Oklahoma Statewide Criminal Record ()State Felony & Misdemeanor-Present Address (for Non-OK residents)
()State Felony & Misdemeanor-Former Address (for Non-OK residents)
()Motor Vehicle Record ()Financial/Credit Report
Only request forms with the same signature as the Authorization for Release of information are valid for processing for information for felony background checks only.
In his Petition, the Plaintiff alleges the following:

On information and belief Plaintiff states that in the 1995 election, th,e Defendant did not limit its inquiry to felony matters. Instead, the Defendant adopted a policy of inquiring into numerous legal and, non-legal matters involving candidates for the office of Principal Chief. This unauthorized and illegal inquiry ivent so far as to gather information regarding divorces, adoptions, auto accidents and related actions, and, other matters totally unrelated to the sole inquiry the Defendant, was supposed, to make. On information and belief, Plaintiff alleges that, this information was widely distributed to opponents of certain individuals running for office. Plaintiff believes that Defendant will again follow the same policies, and engage in the same, type of conduct.

Stating that it had insufficient knowledge, the Commission neither denied nor admitted the above stated allegations as to actions regarding the 1995 election [1]. The Commission stated that its current policy is to conduct a felony background check only. The Commission further stated that,
Respondent’s [the Commission’s] authorization form accompanies the Request Form . .. whereon the Election Commission Office employees only select the option for a, check of the candidate’s criminal record. Petitioner [Mayes] is welcome, as are all other concerned, candidates, to add a statement to the, bottom of the Authorization Form specifically limiting the search to felonies if they so desire. Additionally, the Commission has agreed to add a, statement to the, bottom of the Request Form, which again specifically notes the candidate’s desire, for a felony check only. Again, (3) Respondent [Defendant] does not; desire to inquire into every possible legal matter a candidate :may be involved in now or in, the past as that serves no legitimate purpose. Respondent [Defendant] has no intention of disseminating unauthorized in *15 formation about the candidates to any party, nor is it the policy of the Commission to engage in such behavior.
The Cherokee Constitution establishes the requirements for a person to be Chief or Deputy Chief, and no other requirements are permitted[2]. The Chief and Deputy Chief must be (1) A citizen of the Cherokee nation in accordance with Article III of the Constitution; (2) Shall have been born within the boundaries of the United States of America, its territories or possession; (3) Shall have obtained the age of thirty (30) years of age at the time of his or her election; (4) Shall be a member by blood of the Cherokee Nation; (5) Shall not have been convicted of nor pled guilty nor pled no defense to a felony charge under the laws of the United States of America, or of any State, Territory, or Possession thereof; and (6) Shall not hold any office of honor, profit or trust in any other tribe of Indians, either appointive or elective, simultaneously with holding any office of honor, profit or trust in the Cherokee Nation unless approved by the Council [3].
Inquiry by the Commission into any of the above-stated six conditions is permissible, based on information submitted to it by the respective candidates. However, the Commission, its individual commissioners, directors, employees, agents or contractor's have no authority, and cannot be granted any under the Constitution to make any inquiry into matters outside of these six conditions.
The Commission’s Authorization Form Purports to grant the Commission authority to conduct any investigation necessary to obtain any and all information you may have concerning ... [the candidates] or legal matters in which .. . [the candidate is] involved, [emphasis added]. The Request Form purports to allow the Commission to inquire into such matters as the candidate’s traffic record, business dealings, and misdemeanors, among other things; and such is not allowed. The Commission, its individual commissioners, directors, employees, agents or contractors, have no authority to conduct a “fishing expedition” concerning the candidates, and such an undertaking would be illegal.
It must be noted that the Commission has not been accused of any wrongdoing, nor is there any evidence of any wrongdoing, in relation to the Authorization Form, nor the Request Form, for the 1999 general election. The issues, however, concern, not what has been done, but what could or might be done, and the limits of the Commission’s authority. (4) The language of both forms is too broad, and the possibility that either form might be used for illegal purposes is too great to permit the use of either, AS IS.
IT IS THEREFORE ORDERED THAT both forms shall be used so long as they are modified as follows[4]:
AUTHORIZATION FOR THE RELEASE OF INFORMATION
TO WHOM IT MAY CONCERN:
*16 Please be advised that the Cherokee Nation Election Commission has my authorization to conduct an investigation to obtain information regarding felony pleas and/or convictions, the permanent residence requirement for candidates for Council described in 26 CNCA §§ 33, 34, and 36, and nothing more.
Photocopies of this authorization shall carry the same authority as the original.
(Remainder of the form is unchanged).
* * * * * *
ChoicePoint
Cherokee Nation Election Services
REQUEST FORM
Account Number
Requester
Number of Pages:
Telephone # 918-458-5899
[[Image here]]
Customer Fax This Form and Consent to: 800-766-8086
Customer Service Department Phone: 800-888-5773
* * * * * *
Place an (X) below next to options desired:
() Oklahoma Statewide Criminal Record-Felony pleas and/or convictions only. (5)
() State Felony—Present Address (For Non-OK Residents)
() State Felony—Fonner Address (For Non-OK Residents)
(Remainder- of the form is unchanged).
⅝ ⅝ ⅜ ⅜ ⅜ ⅜
Attached to this Order, and incorporated by reference herein, as Exhibits “A” and “B”, are the respective forms illustrating how the Cherokee Nation Election Commission shall amend its forms to comply with this order.
The Court recognizes that some candidates have already filed for- elective office, and they have signed the forms in question.
IT IS THEREFORE ORDERED, that as to those persons, the forms they signed are deemed amended in accordance with the foregoing, and, therefore, no action shall be required by the Commission or those candidates.
IT IS SO ORDERED.

. Under Cherokee law this constitutes a denial. 20 CNCA App. Rule 13.

. Leach v. Tribal Election Commission, JAT 94-1, McLain v. Election Commission, JAT 98-13; Cherokee Const. Art. IX Section 1.

. Cherokee Const. Art. VI, Section 2; McLain v. Election Commission, JAT 98-13; Cherokee Const. Art. IX Section 2.

. The constitutional requirements for candidates for Council are stated in Article IX, § 2 of the Cherokee Constitution. In addition, 20 CNCA §§ 33.34 and 36, insofar as they are applicable to a permanent residence requirements for candidates for Council, do not violate the Cherokee Constitution, and are valid. Terrell, et al. v. Election Commission, JAT 99-03. The Commission may not inquire into matters other than the foregoing as to candidates for Council.